UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

United States of America

    v.                              Criminal No. 06-cr-108-01-JD

Edwin Dorr

**O R D E R**

On August 17, 2012, defendant appeared for a preliminary hearing/probable cause hearing under Fed. R. Crim. P. 32.1 on three alleged violations of conditions of supervision, as charged in the government's petition dated March 30, 2011[1] (doc. no. 103). Defendant is on release from his convictions in 2007 for conspiracy to possess with intent to distribute five grams or more of crack cocaine.

At the beginning of the hearing, and before the court addressed the defendant regarding his fifth and sixth amendment rights, defense counsel raised a question concerning defendant's competency. According to defense counsel, defendant has undergone a competency evaluation relative to a pending state charge; a report is either completed or nearing completion. Defense counsel anticipates that the state evaluation will allow him to determine what, if anything, to file in this court on the question of defendant's competency.

---

[1] The petition contains a typographical error with respect to the year of issuance. The correct date is March 30, 2012.

The court granted defense counsel's oral request for the appointment of counsel.  The court explained to defendant his right to remain silent and his right to counsel.  Defense counsel confirmed that defendant had received the charging document and that counsel would attempt to confirm defendant's understanding of it.

The court continued the probable cause hearing.  With respect to release pending the probable cause hearing, the court determined based on the government's proffer that defendant's release pending his probable cause hearing, even on strict conditions, would represent too high a danger to the community.

Accordingly, it is **ORDERED** that the defendant be detained pending a probable cause hearing.

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver the defendant to the United

States Marshal for the purpose of an appearance in connection with a court proceeding.

**SO ORDERED.**

_____
Landya B. McCafferty
United States Magistrate Judge

Date: August 20, 2012

cc: Philip H. Utter, Esq.
    Helen Fitzgibbon, Esq.
    U.S. Marshal
    U.S. Probation